**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUKESH CHAND,<br><br>             Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 07-71379<br>       07-74216<br><br>Agency No. A097-113-377<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:      O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

   In these consolidated petitions for review, Mukesh Chand, a native and

citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA")

orders dismissing his appeal from an immigration judge's ("IJ") decision denying

his applications for asylum, withholding of removal, and protection under the

_____

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") (No. 07-71379), and denying his motion to reopen (No 07-74216). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and we review for abuse of discretion the denial of a motion to reopen, *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir. 2004). We deny in part and dismiss in part the petition for review in No. 07-71379, and we deny the petition for review in No. 07-74216.

The BIA did not err in rejecting Chand's due process claim of inadequate translation because Chand did not demonstrate any translation inadequacies either prevented him from presenting his claims or caused an omission that would have altered the outcome. *See Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994).

We lack jurisdiction to consider Chand's claim that the IJ was not a neutral fact-finder because Chand failed to exhaust this before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The BIA did not err in rejecting Chand's contention regarding his former attorney's claimed ineffective assistance, because Chand failed to establish his attorney's representation caused the several inconsistencies in Chand's testimony noted in the IJ's decision, or that he was prevented from reasonably presenting his case. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009).

Chand's contention that the BIA violated due process by summarily affirming the IJ decision is belied by the BIA's reasoned decision and, moreover, is unavailing. *See* 8 C.F.R. § 1003.1(e)(4)(i) (governing the BIA's streamlining authority).

The BIA did not abuse its discretion in denying Chand's motion to reopen because the BIA considered the evidence submitted, determined Chand failed to set forth any new facts or present any new evidence warranting reopening, *see* 8 C.F.R. § 1003.2(c)(1) (a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material"), and acted within its broad discretion in determining the evidence was insufficient to warrant reopening, *see Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

Finally, the BIA did not abuse its discretion in construing Chand's motion to reopen alternatively as a motion to reconsider and denying it as untimely. *See* 8 C.F.R. § 1003.2(b)(2).

**No. 07-71379: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 07-74216: PETITION FOR REVIEW DENIED.**